Per Curiam.
—The complaint charged that the defendant converted to his own use personal property belonging to plaintiff. It appeared in evidence that the property referred to was first taken by defendant about July 2, 1879, and was afterwards sold by him. The allegations of the complaint were so specific that the cause of action was made to rest upon the first taking only; but as the sale was given in evidence, and the trial proceeded as if it affected the issue, it will not be .necessary to view the plaintiff’s claim as if it were confined to the first taking.
*303 The chief point on which the plaintiff relies, in the argument for her that there was no defense, is, that the defendant had not justified the taking in the answer, but relied on the general denial. It is further asserted that this-put in issue only the title of the plaintiff, and not the right of the defendant, to take the goods under that title. The answer, in fact, did put in issue the title of the plaintiff at the time of the alleged taking.
The defendant proved that before the goods were taken by him, the plaintiff and her husband had made and delivered an instrument that on its face purported to be an absolute bill of sale of the goods to the defendant. Contemporaneously with this, the defendant delivered to the husband an instrument to the effect that if the plaintiff and her husband should pay rent about to become due, the bill of sale should be void. These instruments made a mortgage, and not a pledge. The bill of sale invested the defendant with the title, and gave him the right to take possession immediately (Hall. v. Sampson, 35 N. Y. 277). The defense thereupon went to the title, and did not rest upon a justification which admitted the title in the plaintiff.
The jury determined, under proper instructions, that the-plaintiff executed the bill of sale when her husband signed her name at her request. It was claimed that, in some way, she was not bound by the" mortgage, because she did not owe the rent or promise to pay it. It is enough to sustain the mortgage, that she had legal power over her own property, and could transfer it unconditionally or conditional^, to be used as security for the payment of her husband’s debt.
On the trial, no contest was made by the plaintiff as to> the manner in which the goods were sold and the mortgage foreclosed. Other points were made on the trial. They have been examined, but the exceptions connected with them are untenable.
Judgment affirmed with costs, and the order appealed from "affirmed, with $10 costs.